

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-92,181-01

### Ex Parte JOSEPH AGOSTINO BIANCALANA, IV, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. A18719-1 IN THE 216TH DISTRICT COURT
### FROM KERR COUNTY

KELLER, P.J., filed a concurring opinion in which HERVEY and
SLAUGHTER, JJ., joined.

Often, when multiple convictions are the subject of a package deal, an error or defect on one

of the convictions requires that the entire deal be undone.[1] But the present case illustrates that such

a result is not always required. Here, a double-jeopardy violation requires that one of the convictions

be set aside, but the circumstances do not require that the package deal be undone. Instead, the

appropriate remedy in this particular case is to modify the package deal to remove one of the

convictions.

Applicant was facing a number of charges in Gillespie and Kerr counties. In an affidavit,

Applicant's trial counsel explained that the State made it clear that any plea agreement would have

---

[1] *See Ex parte Cox*, 482 S.W.3d 112, 119 (Tex. Crim. App. 2016).

to dispose of all the charges between the two counties.[2] Trial counsel also explained that Applicant felt that a trial on any of the charges was not in his best interest. The State had initially offered twenty years in prison, but Applicant wanted the chance to get deferred adjudication or a more lenient sentence but also to limit his sentencing exposure. As part of a package deal, Applicant pled guilty to charges of aggravated kidnapping and aggravated robbery from Gillespie County and to charges of aggravated kidnapping and tampering with evidence from Kerr County. The parties further agreed to submit sentencing to the trial court with a thirty-five-year cap on the sentence. The trial court ultimately sentenced Applicant to ten years on the tampering charge and to twenty-eight years on the other three charges. All of the sentences were concurrent.

The aggravated kidnapping charges flowed from a single kidnapping from Gillespie County that continued into Kerr County. Because counties are not separate sovereigns for federal double-jeopardy purposes,[3] the two aggravated-kidnapping charges in fact charged only a single offense, and only one conviction for aggravated kidnapping was permitted.

Applicant now claims that having two aggravated-kidnapping convictions violates double jeopardy. He raises both a standalone double-jeopardy claim and an ineffective-assistance claim against trial counsel with regard to the double-jeopardy problem in this case. Although there has been some division among the judges of this Court regarding the cognizability of a standalone double-jeopardy claim,[4] that issue need not concern us here because the ineffective assistance claim clearly

---

[2] The same district court serves both counties.

[3] *Waller v. Florida*, 397 U.S. 387, 392 (1970).

[4] *See Ex parte St. Aubin*, 537 S.W.3d 39, 41 n.3 (Tex. Crim. App. 2017) (citing *Ex parte Marascio*, 471 S.W.3d 832 (Tex. Crim. App. 2015)).

has merit. Counsel should have discovered the double-jeopardy problem and pointed it out to the State and to the trial court. On this record, there is no doubt that the State would have chosen to abandon one of the aggravated kidnapping charges and continued with the rest of the package deal. Although the plea deal involved a cap on sentencing rather than an agreed upon term of years, the disposition of all the cases in a single proceeding meant that all sentences had to be concurrent.[5] Given the number and seriousness of the remaining offenses and the guaranteed concurrence of sentences, the State would have known at the outset that it would suffer no real detriment in abandoning the redundant charge.

Although a problem with one of the convictions in a package deal often requires that the entire deal be undone,[6] that is not the case here. Just as there is no doubt that the State would have abandoned the redundant charge and continued with the rest of the package deal, there is also no doubt that Applicant would have accepted such a modified package deal. Applicant's charges would still have included multiple first-degree felonies with a sentencing range of five to ninety-nine years or life, Applicant still would not have wanted to go to trial on any of the charges, he would still have obtained the chance of getting deferred adjudication or of getting a milder sentence than the State's initial twenty-year offer, and he still would have had the sentencing cap and the guarantee that any sentences imposed would be concurrent. Under the circumstances, removing one of the aggravated kidnapping charges would not have meaningfully altered the factors that convinced Applicant to accept the package deal.

With these comments, I concur in the Court's judgment.

_____

[5] TEX. PENAL CODE § 3.03(a).

[6] *See supra* at n.1.

Filed: March 17, 2021

Publish